**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-2113
_____

RONALD A. DAVIS,

Plaintiff – Appellant,

v.

BSI FINANCIAL SERVICES, INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, (MERS),

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J.  Frederick  Motz,  Senior  District
Judge.  (1:15-cv-01155-JFM)

_____

Submitted:  February 25, 2016      Decided:  February 29, 2016

_____

Before  SHEDD  and  HARRIS,  Circuit  Judges,  and  DAVIS,  Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ronald A. Davis, Appellant Pro Se. Bizhan Beiramee, BEIRAMEE LAW
GROUP, P.C., Bethesda, Maryland; Mary Seminara Diemer, NELSON
MULLINS  RILEY  &  SCARBOROUGH,  LLP,  Washington,  D.C.,  for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald A. Davis appeals the district court's order dismissing, for failure to state a claim, his complaint asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p (2012), and several other theories of recovery. Davis sought to enjoin BSI Financial Services, Inc., ("BSI") from foreclosing on his real property; claimed that BSI engaged in intentional misrepresentation, negligence, fraud, and unjust enrichment; and sought to quiet title and cancel all financial instruments between the parties. He also alleged fraud and sought a declaratory judgment against Mortgage Electronic Registration Systems ("MERS"). On appeal, Davis challenges the district court's dismissal of his complaint on several grounds.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We first consider Davis' contention that, under Maryland law, BSI cannot enforce the note against Davis because the note

2

had been separated from the deed of trust for the property in question. But as the Court of Appeals of Maryland has explained, a "deed of trust cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust." Anderson v. Burson, 35 A.3d 452, 460 (Md. 2011) (emphasis added). Thus, the district court rightly rejected Davis' contention.

Davis also seeks to invalidate the assignment of the note to BSI because, he claimed, it had been mechanically signed, or robo-signed. Regardless of the truth of this assertion, Davis was not a party to the assignment and fails to demonstrate either that he has standing to challenge the assignment or that robo-signing renders the assignment void.

Next, Davis challenges the district court's failure to address or "provide standards to cure" many of the legal theories alleged in his complaint. But our review of the record reveals that Davis did not support any of these theories with factual allegations sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, the district court did not err in dismissing them.

Finally, we review the denial of Davis' motion for leave to amend for abuse of discretion. Tatum v. RJR Pension Inv. Comm., 761 F.3d 346, 370 (4th Cir. 2014). "Leave to amend need not be

3

given when amendment would be futile."  In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005).  And after reviewing the record, we conclude that amendment would indeed have been futile.  Davis provides no basis for believing that, with the benefit of more particularized allegations, his complaint could survive a motion to dismiss.

Accordingly, we affirm the district court's order dismissing Davis' complaint.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED